IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMAL JOHNSON,<br>   *Defendant*. | CRIMINAL No. ELH-17-0677 |

**MEMORANDUM**

In an Indictment filed on December 21, 2017 (ECF 1), defendant Jamal Johnson was charged with interference with commerce by robbery on July 26, 2017, in violation of 18 U.S.C. § 1951(a) (Count One); using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count Three). *Id.*

Pursuant to a Plea Agreement (ECF 42), defendant entered a plea of guilty on October 18, 2018, to Count One of the Indictment. ECF 1. The plea was tendered under Fed. R. Crim. P. 11(c)(1)(C), by which the parties agreed to a sentence of no less than 120 months (10 years) and no greater than 144 months (12 years) of imprisonment. ECF 42, ¶ 9. At sentencing on April 24, 2019 (ECF 47), the Court sentenced defendant to 130 months of imprisonment, with credit for time served in federal custody since July 26, 2017. ECF 48 (Judgment); ECF 49 (Statement of Reasons).

Defendant, who is now self-represented, has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). ECF 58. He also filed a supplement. ECF 58-1. I shall refer to ECF 58 and

1

58-1 collectively as the "Motion." In the Motion, defendant seeks the appointment of counsel. ECF 58 at 1.[1]

The government opposes the Motion. ECF 65 ("Opposition"). According to the government, defendant is ineligible for relief under U.S.S.G. § 1B1.10(b)(2)(A). *Id*. at 1. The Guidelines section provides that a defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guidelines range." The government also posits that defendant "cannot demonstrate he is eligible for the reduction . . . because he did not receive so-called 'status points' for committing the offense while under a criminal justice sentence; rather, he was sentenced as a career offender." *Id*. at 1-2. And, the government maintains that defendant's "sentence remains consistent with the factors outlined in 18 U.S.C. § 3553(a), reflecting the severity of his crimes, his pattern of criminal behavior, and the need for deterrence and protection of the public." *Id*. at 2. Defendant has not replied.

The Office of the Federal Public Defender has provided notice to the Court that it does not intend to supplement the Motion. ECF 60. Because defendant is able to articulate his grounds for relief, I shall deny his request for appointment of counsel.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion.

---

[1] Defendant previously requested counsel in order to file a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). *See* ECF 52. The motion is well stated, and indicates to the Court that defendant is able to articulate the grounds for compassionate release. But, no such motion has been filed. However, defendant inquired as to the status of his compassionate release motion. ECF 54. In response, I wrote to defendant (ECF 55) and told him that ECF 52 did not specify grounds for compassionate release. *Id*. But, I also told defendant that he could file such a motion. *Id*. The letter was twice returned. ECF 56, ECF 57. I shall deny ECF 52.

### I.  Factual and Procedural History

As noted, defendant entered a plea of guilty on October 15, 2018, to the offense of interference with commerce by robbery and using, carrying, and brandishing a firearm during a crime of violence. ECF 42. That offense occurred on July 26, 2017. But, as discussed, *infra*, it was not the only crime that defendant had committed. The parties stipulated to a sentence under Rule 11(c)(1)(C) of no less than 120 months (10 years) and no greater than 144 months (12 years) of imprisonment. *Id.* ¶¶ 9, 10.

Defendant asserts that initially he had agreed to a plea that provided for a period of incarceration ranging from 96 months to 120 months. ECF 58-1. But, he asserts that the plea terms changed because the government claimed he was involved in another store robbery. *Id.* However, defendant states that he "was never charged with another robbery" and the accusation is "hearsay." *Id.* So, defendant "feel[s] like . . . [the] first plea [offer] should still have been on the table . . . ."

But, the Plea Agreement (ECF 42) clearly references two robberies. The agreed Statement of Facts provides, *id.* at 9-10:

> On July 12, 2017, Defendant, and two other men walked into a convenience store located at 1114 Ingleside Road in Baltimore, Maryland. All three men were wearing masks to cover their faces. One of the men pointed a firearm at a store employee and demanded that he open the cash register. The defendant and the other two men then stole money from the register as well as cigarettes and rolls of lottery tickets. The men then fled the location. Later on that day, the Defendant redeemed the lottery tickets at another convenience store in Baltimore, Maryland.
>
> On July 26, 2017, the Defendant, walked into the liquor store located at 3 North Howard Street in Baltimore, Maryland. The Defendant was wearing a ski mask and carrying a loaded firearm. The Defendant pointed the firearm at a store employee, demanding the employee to open a cash register. The employee complied and the Defendant then stole approximately $2,000 from the register. The Defendant than fled the store.
>
> As the Defendant fled the store, a Baltimore City Police Department office on routine patrol encountered the Defendant as he was still wearing the ski mask.

>The officer instructed the Defendant to stop, but the Defendant ignore[d] the officer and began walking away from the officer. The Defendant then began to run from the officer. During the ensuing foot chase, the Defendant abandoned a loaded firearm. The Defendant ultimately surrendered. The officer recovered $2,099 in cash from the Defendant, as well as the ski mask. The loaded firearm was also found a short distance away from where the Defendant was apprehended. The Defendant was later interviewed by a detective and admitted to committing the robbery of the liquor store.
>
>The above-described businesses were stores engaged in interstate commerce and in an industry which affects interstate commerce. Therefore, the Defendant's conduct affected interstate commerce.

Moreover, the Plea Agreement expressly states, ECF 42, ¶ 6(a): "The parties agree that the United States Sentencing Guidelines ('U.S.S.G.') level in this case will be calculated as if the defendant pleaded guilty to all the robberies admitted to in the Statement of Facts . . . ."

Defendant was 28 years of age at sentencing. ECF 37 (Presentence Report or "PSR"), at 2. For Guidelines purposes, each robbery was treated as a separate group. The robbery of July 12, 2017, was Group 1. The robbery of July 26, 2017 (Count I), was Group 2. Each robbery offense had a base offense level of 20. *Id.* ¶¶ 16, 22. Moreover, under U.S.S.G. § 2B3.1(b)(2)(D), five points were added in each instance because of the firearm. *Id.* ¶¶ 17, 23. For both groups, Johnson had a combined adjusted offense level of 27 (*id.* ¶ 31) after two points were added under U.S.S.G. § 3D1.4(a) to account for the multiple offenses. *Id.* ¶ 30.

However, defendant was deemed a career offender under U.S.S.G. § 4B1.1. *Id.* ¶ 32. The predicate offenses were those referenced in ¶ 38 and ¶ 39 of the PSR. *See id.* ¶ 44. As a career offender, defendant's offense level was elevated to 32. *Id.* After deductions for acceptance of responsibility under § 3E1.1 (*id.* ¶¶ 33, 34), defendant had a final offense level of 29. *Id.* ¶ 35.

Defendant had several prior adult felony convictions that scored points. *See id.* ¶¶ 38-41. These offenses included an armed robbery committed in 2011 (*id.* ¶ 38); possession with intent to distribute CDS, committed in 2013 (*id.* ¶ 39); and another felony drug offense, committed in 2016.

4

*Id.* ¶ 40. Defendant had ten criminal history points. *Id.* ¶ 42. This equates to a criminal history category of V. *Id.* ¶ 43. But, because defendant qualified as a career offender, his criminal history category increased to VI, under U.S.S.G. § 4B1.1(b). *Id.* ¶ 44.

With an offense level of 29 and a criminal history category of VI, defendant's advisory sentencing Guidelines called for a sentence ranging from 151 to 188 months of incarceration. *Id.* ¶ 92. As noted, in accordance with the C plea, the Court sentenced defendant to a term of 130 months of imprisonment. ECF 48.

Defendant is presently incarcerated at Canaan USP (search by BOP Register Number 63696-037), https://www.bop.gov He has a projected release date of December 27, 2026. *Id.*

Additional facts are included in the Discussion.

## II. The Legal Standard

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024); *United States v. Davis*, 99 F.4th 647, 653 (4th Cir. 2024); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023); *United States v. Bond*, 56 F.4th 381, 383 (4th Cir. 2023); *United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 267 (4th Cir. 2022); *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022); *United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020), *abrogated on other grounds by United States v. Troy*, 64 F.4th 177 (4th Cir. 2023); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Jackson*, 952 F.3d at 495.

5

Section 3582(c)(2) of 18 U.S.C. is relevant. It permits a court to reduce the sentence of a defendant who was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the amendment has been made retroactively applicable and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Moore*, 2024 WL 2828103, at *1 (4th Cir. June 4, 2024) (per curiam). *Id.*; *see United States v. Barrett*, 133 F.4th 280 (4th Cir. 2025); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010)

Amendment 821 to the Guidelines went into effect on November 1, 2023. *Amendment 821*, U.S. SENT'G COMM'N, https://www.ussc.gov/guidelines/amendment/821. It "is a multi-part amendment." *United States v. Gary*, JKB-08-086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024).

Part A of Amendment 821 pertains to criminal history and so called "status points." *Id.* It amended U.S.S.G. § 4A1.1 "by redesignating subsection (d) as subsection (e) and reducing the additional criminal history points assessed to a defendant who committed his offense while under a criminal justice sentence." *Moore*, 2024 WL 2828103, at *1; *see also Barrett*, 133 F.4th at 282-83. "Criminal justice sentence" under the Guidelines includes probation, parole, supervised release, imprisonment, work release or escape status. U.S.S.G. § 4A1.1(e).

Prior to Amendment 821, two points were added to a defendant's criminal history score if the defendant committed the underlying offense while on parole, probation, or supervised release (previously codified at U.S.S.G. § 4A1.1(d)). But, Amendment 821 limits the assignment of such "status points." *See* U.S.S.G. § 4A1.1(e).

In particular, Amendment 821 permits the assignment of only one status point, and then only if a defendant has seven or more criminal history points. *See* U.S.S.G. § 4A1.1(e). In other words, § 4A1.1(e) eliminates any status points for a defendant who "has six or fewer criminal

6

history points." *Id.*; *see also United States v. Law*, DKC-11-489, 2024 WL 3757902, at *1 (D. Md. Aug. 12, 2024) ("Part A . . . eliminated status points altogether for a defendant with six or fewer criminal history points."). And, a defendant who has seven or more criminal history points is only subject to a one-point increase, rather than a two-point increase. *See* U.S.S.G. § 4A1.1(e).

Part B of Amendment 821 provides for a decrease of two offense levels if ten conditions are met. *See* U.S.S.G. § 4C1.1(a). They are, *id.*:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

In *Barrett*, 133 F.4th at 288, the Fourth Circuit stated that, as to Amendment 821, a court is "authorized" under the Sentencing Commission's policy statement § 1B1.10(b)(1) "to consider" the effect of Amendment 821 on a defendant's criminal history category under § 4A1.1 and offense level under § 2D1.1(b)(17).

The Fourth Circuit requires the district court to employ a two-step approach in considering § 3582(c)(2) motions. *United States v. Peters*, 843 F.3d 572, 574 (4th Cir. 2016); *United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015). "First, a court must determine the defendant's eligibility. Section 3582(c)(2) permits a reduction only if (1) the defendant's 'term of imprisonment

7

[was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' and (2) the reduction 'is consistent with applicable policy statements issued by the Sentencing Commission.' § 3582(c)(2). Second, the court may grant the authorized reduction 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Peters*, 843 F.3d at 574 (citations omitted). "The ultimate decision of '[w]hether to reduce a sentence and to what extent' is committed to the district court's discretion." *Id.*

### III.  Discussion

In the Motion, defendant states: "Due to the fact that the court enhanced my points and increased my criminal history category, I was sentenced to an unlawful guideline.  With these new laws, I feel like if I was sentenced today, I would receive a lesser sentence." ECF 58 at 1.  Johnson also states: "[T]he government relied on my prior offenses to enhance my sentence, that are no longer authorized under current law." *Id.*

As to the substance of the Motion, the government asserts that defendant "cannot demonstrate he is eligible for the reduction under U.S.S.G. § 1B1.10(b)(2)(A) because he did not receive so-called "status points" for committing the offense while under a criminal justice sentence; rather, he was sentenced as a career offender."

The PSR does not reflect that Johnson was under any criminal justice sentence at the time of the underlying offenses in July 2017.  Nor was he assessed any status points under U.S.S.G. § 41.1(d).  *See* ECF 37 ¶¶ 38-44.  Therefore, Amendment 821 does not apply to Johnson.  It follows that he is ineligible for relief on that basis.  *United States v. Nickens*, 668 F. App'x 20, 21 (4th Cir. 2016) (stating that defendant not eligible for reduction where amendment does not have the effect of lowering applicable range); *United States v. Williams*, Crim. No. 2:20-cr-01-01, 2024 WL 947841(S.D.W.V. Mar. 5, 2024) (stating that defendant was ineligible for a sentence reduction

under Amendment 821 because guidelines range was "the result of his classification as a career offender").

Moreover, the defendant was properly classified as a career offender under U.S.S.G. § 4B1.1(b). *See* ECF 37, ¶¶ 32, 44. His criminal record reflects three distinct adult felony convictions for either drugs or a crime of violence. *See id.* ¶¶ 38, 39, 40.

The defendant accrued 10 points based on his prior convictions. ECF 37, ¶¶ 42, 43. As stated earlier, this equates to a criminal history category of V. Because defendant had at least two prior felony convictions for robbery and drug distribution, his criminal history category was elevated to VI, under U.S.S.G. § 4B1.1(b). *Id.* ¶ 44.

The government states, "even if [defendant] could establish baseline eligibility . . . Johnson's sentence remains consistent with the factors outlined in 18 U.S.C. § 3553(a), reflecting the severity of his crimes, his pattern of criminal behavior, and the need for deterrence and protection of the public. ECF 65 at 1-2. I agree.

### IV. Conclusion

For the foregoing reasons, I shall deny defendant's Motion (ECF 58; ECF 58-1). An Order follows, consistent with this Memorandum.

Date: August 15, 2025                                /s/
                                                     Ellen Lipton Hollander
                                                     United States District Judge